**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| TRAVCO INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LARRY WARD, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No.: 2:10-cv-14 |

**PLAINTIFF'S MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

**I.   INTRODUCTION**

Defendant Larry Ward's motion to transfer venue under 28 U.S.C. § 1404 is without merit as a matter of law. Mr. Ward seeks to transfer this case to the Eastern District of Louisiana, but such a transfer is available only "to any other district or division where [the suit] might have been brought." 28 U.S.C. § 1404(a). This case could not have been brought in the Eastern District of Louisiana because venue in that district was and is improper under 28 U.S.C. § 1391(a). The only proper venue for this case is the Eastern District of Virginia because the defendant, Mr. Ward, resides in this District, and substantially all of the events or omissions giving rise to the claim occurred in this District. None of the facts at issue occurred in Louisiana, and there is no indication that Mr. Ward even would be subject to personal jurisdiction in Louisiana.

To the extent Mr. Ward is seeking a transfer to a Multidistrict Litigation ("MDL") docket pending in the Eastern District of Louisiana, the governing statute is clear that only the Judicial Panel on Multidistrict Litigation can order such a transfer. See 28 U.S.C. § 1407(a); Holmes v.

Grubman, 315 F. Supp. 2d 1376, 1380 (M.D. Ga. 2004) (noting an individual district court's "inability and lack of authority to transfer" under § 1407).

Mr. Ward's motion to transfer venue is thus without merit. The motion should be denied, and this Court should proceed with adjudication of TravCo's pending motion for summary judgment.

## II.   FACTUAL BACKGROUND

Mr. Ward owns a home in Virginia Beach that is insured under a homeowners' insurance policy (the "Policy") issued by TravCo. (Wheeler Declaration, ¶ 2 & Exhibit A thereto.) Mr. Ward claims that his home contains Chinese-made drywall. In August 2009, he filed a lawsuit in the Circuit Court for the City of Norfolk, Virginia against the developer, builder and drywall contractor allegedly responsible for installing the Chinese-made drywall in his home. (Complaint, Ward v. Peak Building Corp., No. CL09-5167 (Aug. 10, 2009) (attached to Mumford Affidavit as Exhibit A thereto).) Mr. Ward's complaint in that case alleged that "his family home located at 214B 80th Street, Virginia Beach, Virginia 23451 (the 'Home') was built with defective drywall . . . ." (Id. at ¶ 1.) He alleged that the drywall "is inherently defective because it emits various sulfide gases and/or other toxic chemicals through 'off-gassing' that create[s] noxious odors and cause[s] damage and corrosion (the 'Defect') to the structural, mechanical and plumbing systems of [Mr. Ward's] home such as the framing, heating, air-conditioning and ventilation ('HVAC') units, refrigeration coils, copper tubing, faucets, metal surfaces, electrical wiring, and computer wiring, as well as personal and Other Property such as microwaves, utensils, electronic appliances, jewelry, and other household and personal property items." (Id. at ¶ 11.) He further alleged that the "drywall was the proximate cause of both [his] personal and property damages . . . ." (Id. at ¶ 42.)

In September 2009, after filing his Virginia state court suit, Mr. Ward submitted a property insurance claim to TravCo, seeking coverage under the Policy for damage claimed to be caused by the Chinese-made drywall in his home. In support of his insurance claim, Mr. Ward provided TravCo with a copy of a report prepared by Zdenek Hejzlar, Ph.D., who inspected Mr. Ward's home, performed laboratory testing, and concluded that the Ward home has Chinese Drywall which caused "widespread impact to susceptible metal surfaces" in the home. (Complaint, ¶¶ 13-14, 22; Answer, ¶¶ 13-14, 22.)

TravCo assigned an adjuster based in Warrenton, Virginia, to investigate and evaluate Mr. Ward's claim. (Wheeler Declaration, ¶¶ 1, 3.) The adjuster performed all of his work on the claim in Virginia. (Id., ¶ 4.) TravCo representatives visited the Ward Residence in Virginia Beach on two occasions to view and evaluate the claimed damage and obtain a sample of the drywall. (Id.) None of TravCo's activities on Mr. Ward's claim occurred in Louisiana. (Id., ¶ 5.)

TravCo subsequently determined that there was no coverage for Mr. Ward's claim under the Policy for the claim submitted for several reasons. First, the Policy covers only "direct physical loss" to insured property that is not excluded, and there is no direct physical loss to the drywall itself. Second, the claimed damage to building components due to the release of sulfuric gases from the drywall is excluded by exclusions in the Policy for losses caused by: (a) a latent defect; (b) faulty materials; (3) corrosion; and (4) pollutants, defined to include gaseous irritants or contaminants. Third, the claimed damage to Mr. Ward's personal property is not covered because the Policy covers personal property only for losses caused by one or more of 17 specific perils, none of which would apply to Mr. Ward's loss. (Complaint, ¶¶ 56-69; see also TravCo's Memorandum of Law in Support of its Motion for Summary Judgment, R. Doc. 17.)

In January 2010, TravCo filed its declaratory judgment complaint in this case. The complaint seeking a declaration that the Policy does not cover any of the losses claimed to be caused by the defective Chinese-made drywall in Mr. Ward's home. (See Compl., R. Doc. 1.) TravCo alleged that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 and that venue is proper in this District because Mr. Ward resides in this District, and because the insured property is located in this District. (Id. at ¶¶ 5-7.) Travelers served the complaint personally on Mr. Ward in Virginia Beach. (See R. Doc. 4 at 2.) Mr. Ward's Answer admits that jurisdiction and venue are proper in this Court (although he claims that venue purportedly would be more appropriate in Louisiana in light of the MDL proceeding). (Answer, ¶¶ 5-7.)

A month after TravCo filed its complaint in this case, a group of plaintiffs' lawyers, including Mr. Ward's counsel, filed a consolidated putative class action in the Eastern District of Louisiana making products liability claims against more than two hundred companies that manufactured, distributed and installed Chinese-made drywall and their owners and investors. (See Complaint, Wiltz v. Beijing New Building Materials Public Ltd., No. 2:10-cv-361 (E.D. La. Feb. 10, 2010) (attached to Mumford Affidavit as Exhibit B thereto).) Mr. Ward is one of more than five hundred named plaintiffs in that lawsuit (see id.), although given his other lawsuit in Virginia Circuit Court, his individual claims might well be subject to dismissal under the prior pending action doctrine. Like the complaint in Mr. Ward's pending lawsuit in the Virginia Circuit Court, the complaint in the Wiltz putative class action seeks damages on behalf of property owners whose homes have been damaged by gases released from Chinese-made drywall. (See id. at ¶¶ 779-781.) TravCo is not named as a defendant in the Wiltz case, and neither is any other insurance company.

4

Mr. Ward now seeks to transfer this case to the Eastern District of Louisiana, ostensibly with the goal of consolidating it with the <u>Wiltz</u> putative class action and the other Chinese-made drywall cases pending on that court's MDL docket. Other than the pendency of the MDL proceeding, there is no indication that Mr. Ward has any connection to Louisiana, that there are any witnesses with information pertinent to Mr. Ward's claim in Louisiana, or that there is any other evidence relevant to Mr. Ward's claim in Louisiana.

TravCo has filed a motion for summary judgment, demonstrating that there are no material issues of fact because Mr. Ward's own allegations and sworn answers to interrogatories in the Virginia Circuit Court, as well as his own expert's report, readily establish the facts necessary to apply the pertinent Policy provisions. (R. Docs. 15-17.) TravCo's summary judgment motion demonstrates that, based on those undisputed facts, the Policy does not provide coverage for Mr. Ward's claim as a matter of law. (R. Doc. 17.) That motion for summary judgment should be heard and decided forthwith.

### III. LEGAL STANDARD

Mr. Ward's motion to transfer venue is premised upon 28 U.S.C. § 1404(a). (<u>See</u> R. Doc. 13, at 1; R. Doc. 14, at 1.) Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." <u>Id.</u> As the moving party, Mr. Ward bears the burden of establishing the need for transfer. <u>Coors Brewing Co. v. Oak Beverage, Inc.</u>, 549 F. Supp. 2d 764, 769 (E.D. Va. 2008). "Specifically, the movant's burden is to show that (1) the case 'might have been brought' in the district to which he asks the court to transfer it, and (2) the proposed transferee court would be a more convenient forum for the litigation." <u>CBIC World Markets, Inc. v. Deutsche Bank Secs., Inc.</u>, 309 F. Supp. 2d 637, 643 (D.N.J. 2004). Under the

5

first prong of this analysis, "the transferee forum must be one in which service of process could have been effectuated and federal venue would have been proper had the suit been initially instituted in that forum." <u>Alabama Great Southern R. Co. v. Allied Chem. Co.</u>, 312 F. Supp. 3, 4 (E.D. Va. 1970). Under the second prong, "the Court considers the following factors: (1) Plaintiffs' choice of forum; (2) the ease of access to sources of proof; (3) the convenience of parties and witnesses; (4) the interest of having local controversies decided at home; (5) and the interest of justice." <u>Coors Brewing</u>, 549 F. Supp. 2d. at 771. Here, this Court need only consider the first prong because it is clear that venue and personal jurisdiction would have been improper had this case been initially filed in the Eastern District of Louisiana.

## IV.   ARGUMENT

### A.   This Case Cannot Be Transferred Under Section 1404

Transfer under 28 U.S.C. § 1404 is clearly improper. This case could not have been brought in the Eastern District of Louisiana originally, so it cannot be transferred to that district under § 1404. In addition, the factors that govern transfer under § 1404 uniformly favor keeping this dispute in Virginia where it was filed.

#### 1.   Transfer To The Eastern District Of Louisiana Is Not Permissible Under Section 1404 Because This Case Could Not Have Been Brought There Originally

Mr. Ward's motion to transfer this case to the Eastern District of Louisiana must be denied because TravCo could not have brought this case in that district. The plain language of § 1404 allows a district court to transfer a case only "to any other district or division ***where it might have been brought***." 28 U.S.C. § 1404(a) (emphasis added). These words require that "the transferee forum must be one in which service of process could have been effectuated and federal venue would have been proper had the suit been initially instituted in that forum." <u>Alabama Great Southern</u>, 312 F. Supp. at 4; <u>see also</u> <u>Hoffman v. Blaski</u>, 363 U.S. 335, 344

6

(1960). "If these initial prerequisites are not met, the transferor court is without power to transfer the action, regardless of equitable reasons adequate to facilitate such transfer." Id.

This case could not have been properly filed in the Eastern District of Louisiana because venue would not properly lie in that District. Under 28 U.S.C. § 1391(a), when jurisdiction is based on diversity of citizenship, venue is proper "*only* in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." Id. (emphasis added).

Here, under subsections (a)(1) and (a)(2) of Section 1391, venue is not proper in the Eastern District of Louisiana because Mr. Ward does not reside in Louisiana and the events that gave rise to the claim did not occur in Louisiana. Mr. Ward resides in Virginia Beach, Virginia, in the Eastern District of Virginia. (Complaint, ¶ 4; Answer, ¶ 4.) The pertinent facts giving rise to this case—from the delivery of the insurance contract to Mr. Ward through the investigation of his claim—occurred in the Eastern District of Virginia. (Wheeler Declaration, ¶¶ 2-4.). The insured property that is the subject of the action is located in Virginia Beach, Virginia. (Complaint, ¶¶ 8-9; Answer, ¶¶ 8-9; Wheeler Declaration, ¶ 2.) This District, not the Eastern District of Louisiana, is thus the only proper venue pursuant to §§ 1391(a)(1) and (a)(2). See Hackos v. Sparks, 378 F. Supp. 2d 632, 634 (M.D.N.C. 2005) (holding that venue was not proper in North Carolina where the defendants resided in Virginia and the automobile accident that gave rise to the claim occurred in Virginia); Hoffman v. Fairfax County Redevelopment & Housing Auth., 276 F. Supp. 2d 14, 19 (D.D.C. 2003) (holding, in a case in which the plaintiff claimed to

have suffered injury from exposure to toxic fumes in her Virginia home, that venue was improper in the District of Columbia because "all of the defendants reside in Virginia" and "all of the alleged actions giving rise to the plaintiff's claims took place in the Eastern District of Virginia") see also Dashman v. Peter Letterese & Assocs., 999 F. Supp. 553, 554 (S.D.N.Y. 1998) ("Viewed in the proper historical context, § 1391(a) . . . provides that in a case in which all defendants reside in the same state, venue lies only in that state, and, specifically, only in a district within that state in which one of the defendants resides.").

Section 1391(a)(3) is inapplicable because, under that section, venue lies in "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced," but only "if there is no district in which the action may otherwise be brought." Subsection (a)(3) is inapplicable here because venue is proper in the Eastern District of Virginia under §§ 1391(a)(1) and (a)(2). See Hoffman, 276 F. Supp. 2d at 19 ("[V]enue in this case is only proper in the Eastern District of Virginia under either of section 1391(a)'s first two provisions. Therefore, the parties cannot resort to the statute's third possibility for venue."). Thus, like subsections (a)(1) and (a)(2) of Section 1391, subsection (a)(3) does not provide a basis for venue in the Eastern District of Louisiana.

There is also no indication that Mr. Ward is subject to personal jurisdiction in the Eastern District of Louisiana, which is another requirement for transfer of venue under § 1404. See Alabama Great Southern, 312 F. Supp. at 4. Mr. Ward makes no attempt to establish that he is subject to personal jurisdiction in Louisiana. The lack of personal jurisdiction over Mr. Ward in the Eastern District of Louisiana at the time this suit was filed also independently makes venue improper in that district. See Zawatsky v. John Alden Life Ins. Co., 822 F. Supp. 1215, 1216 (D. Md. 1993) (holding that venue was improper in Maryland under § 1391(c) where there were no

allegations "to suggest that defendant committed any acts in Maryland concerning the guaranty in question" and no allegations "which would warrant the assertion of general jurisdiction").

General personal jurisdiction over Mr. Ward would lie in the Eastern District of Louisiana only if his contacts with that district were "continuous and systematic," and there is no evidence of that.  See generally Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 413-18 (1984).  Likewise, Mr. Ward is not subject to specific personal jurisdiction in Louisiana with respect to his insurance claim because he has not purposefully availed himself of the protections of Louisiana law.  See generally Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-76 (1985).  Rather, Mr. Ward lives and works in Virginia, the insurance contract insures his home in Virginia, and the claimed damage occurred in Virginia.[1]

Given that venue would not have been proper in the Eastern District of Louisiana and Mr. Ward was not subject to personal jurisdiction in Louisiana when this case was filed, the Eastern District of Louisiana is not a district where this case "might have been brought."  See 28 U.S.C. § 1404(a).  Thus, this case cannot be transferred to that district under § 1404.

### 2. Transferring This Case To The Eastern District Of Louisiana Would Be Inconsistent With The Intent of Section 1404

Even if a transfer to the Eastern District of Louisiana were available under Section 1404, which is not the case for the reasons explained above, the pertinent factors do not justify a transfer.  "The purpose of Section 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  In re Triton Ltd. Secs. Litig., 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999).  In weighing these goals, "the Court considers the following factors: (1) Plaintiffs' choice of forum; (2) the ease of access

---

[1]  The fact that Mr. Ward now wishes to litigate this case in the Eastern District of Louisiana and thus might be willing to waive personal jurisdiction is immaterial to the inquiry of whether the case could have been brought in that district originally.  See Hoffman, 363 U.S. at 344 (explaining that it is irrelevant that the defendant, in seeking a transfer of venue, is willing to waive personal jurisdiction defenses).

to sources of proof; (3) the convenience of parties and witnesses; (4) the interest of having local controversies decided at home; (5) and the interest of justice." Coors Brewing, 549 F. Supp. 2d. at 771. All five of these factors favor keeping this insurance coverage dispute in Virginia.

The loss at issue in this case occurred in Virginia Beach. Mr. Ward and Gus N. Wheeler, the TravCo adjuster responsible for investigating his claim, both live and work in Virginia. (Complaint, ¶ 4; Answer, ¶ 4; Wheeler Declaration, ¶ 3.) Virginia law applies to an insurance policy issued to a Virginia-based insured insuring property located in Virginia. Seabulk Offshore, Ltd. v. Am. Home Assur. Co., 377 F.3d 408, 419 (4th Cir. 2004). Virginia has an interest in having a local court decide the question of whether an insurance contract insuring property in Virginia provides coverage for a loss suffered in Virginia. On the other hand, there is no evidence in Louisiana, there are no witnesses in Louisiana, and the State of Louisiana has no interest in the application of Virginia law in the construction of a homeowners' policy insuring a home in Virginia. Simply put, it makes eminent sense to litigate this coverage dispute in this Court, and makes no sense to transfer it to New Orleans.

Additionally, the Eastern District of Virginia is TravCo's chosen forum, as well as Mr. Ward's home district. Mr. Ward seeks to minimize the importance of this factor, citing cases from other jurisdictions that have expressed "wariness at the prospect of a suit for declaratory judgment aimed solely at wresting the choice of forum from the 'natural plaintiff.'" Hyatt Int'l Corp. v. Coco, 302 F.3d 425, 431 (7th 1993). But Mr. Ward, if he had filed this suit, could not have properly sued TravCo in Louisiana because venue would not lie there. If Mr. Ward had sued, the only other place he could have sued TravCo would be TravCo's home district, which is Connecticut. (Complaint, ¶ 3; Answer, ¶ 3.) Mr. Ward does not argue that TravCo had an improper motive for choosing the Eastern District of Virginia as the forum for this lawsuit. To

10

the contrary, the Eastern District of Virginia is not only Mr. Ward's own local federal court, it appears to be the *only* federal court in which personal jurisdiction exists over Mr. Ward and venue is proper for this case. It is the only logical district in which to litigate a dispute involving a Virginia homeowner, a Virginia insurance policy and Virginia law.

### B. Only The MDL Panel Can Transfer This Case Under Section 1407

It appears that what Mr. Ward actually desires is a transfer under 28 U.S.C. § 1407(a) for coordinated pretrial proceedings with products liability cases involving Chinese-made drywall that are pending before Judge Eldon E. Fallon on the Eastern District of Louisiana's MDL docket. Only the Judicial Panel On Multidistrict Litigation ("MDL Panel"), however, is authorized to transfer a case under § 1407. The statute provides that "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers *shall be made by the judicial panel on multidistrict litigation* . . . ." 28 U.S.C. § 1407(a) (emphasis added). A motion seeking a transfer to the MDL must be "filed *with the panel*" and only "[a] copy of such motion shall be filed in the district court in which the moving party's action is pending." Id. § 1407(c) (emphasis added); see also Rules of Judicial Panel on Multidistrict Litigation, Rule 7.2. An individual district court lacks the authority to order a transfer under § 1407. Holmes, 315 F. Supp. 2d at 1380 (noting an individual district court's "inability and lack of authority to transfer" under § 1407). Thus, to the extent that Mr. Ward

appears to be seeking to transfer this claim to the Chinese-made drywall MDL docket, this Court cannot provide him such relief.[2]

## V. CONCLUSION

For all of the foregoing reasons, this Court should deny Mr. Ward's Motion to Transfer Venue, and proceed with adjudication of TravCo's pending motion for summary judgment.

**TRAVCO INSURANCE COMPANY**

By:     /s/
                Counsel

John B. Mumford, Jr. (VSB No.: 38764)
Kathryn E. Kransdorf (VSB No.: 74124)
Hancock, Daniel, Johnson & Nagle, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
jmumford@hdjn.com
kkransdorf@hdjn.com
Phone: (804) 967-9604
Fax: (804) 967-2411

---

[2] If Mr. Ward were to file a motion to transfer with the MDL Panel, TravCo would oppose such a motion on various grounds. The first-party property insurance coverage issues in this case have nothing to do with whether a third-party tortfeasor who supplied or installed the drywall is liable to Mr. Ward. Even in cases involving liability insurance coverage insuring parties involved in supplying or installing the drywall, the MDL Panel has twice denied motions seeking to transfer to the Chinese Drywall MDL declaratory judgment actions regarding the scope of *liability* insurance coverage for claims made against suppliers or installers of the drywall. The MDL Panel has concluded that a liability insurance coverage dispute "raises distinctly different factual and legal questions from the core allegations at issue in MDL No. 2047, and transfer would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation." Order Vacating Conditional Transfer Order, In re Chinese-Manufactured Drywall Prods. Liability Litig., MDL No. 2047 (Jud. Panel Multidist. Litig. Dec. 2, 2009) (attached as Exhibit A hereto); see also Order Denying Transfer, In re Chinese-Manufactured Drywall Prods. Liability Litig., MDL No. 2047 (Jud. Panel Multidist. Litig. Feb. 5, 2010) (attached as Exhibit B hereto). In any event, these issues can only be decided by the MDL Panel, not this Court.
If Mr. Ward were to file a motion for transfer with the MDL Panel, the filing of such a motion would not in any respect operate as a stay of the proceedings in this Court. See Rules of Judicial Panel on Multidistrict Litigation, Rule 1.5. Particularly in light of the fact that the MDL Panel has rejected similar motions for transfer, this Court should proceed to promptly adjudicate TravCo's pending motion for summary judgment.

Stephen E. Goldman (*pro hac vice*)
Daniel F. Sullivan (*pro hac vice*)
Wystan M. Ackerman (*pro hac vice*)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
sgoldman@rc.com
dsullivan@rc.com
wackerman@rc.com
Phone: (860) 275-8200
Fax: (860) 275-8299

*Counsel for TravCo Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that, on the 19th day of March, 2010 I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Richard J. Serpe
    Law Offices of Richard J. Serpe, P.C.
    580 East Main Street, Suite 310
    Norfolk, Virginia 23510-2322
    rserpe@serpefirm.com

                                                      /s/
                        John B. Mumford, Jr. (VSB No.: 38764)
                        Kathryn E. Kransdorf (VSB No.: 74124)
                        Hancock, Daniel, Johnson & Nagle, P.C.
                        4701 Cox Road, Suite 400
                        Glen Allen, Virginia 23060
                        jmumford@hdjn.com
                        kkransdorf@hdjn.com
                        Phone: (804) 967-9604
                        Fax: (804) 967-2411
                        *Counsel for TravCo Insurance Company*