

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**TRAVCO INSURANCE COMPANY,**

    Plaintiff,

v.                                                        Civ. No. 2:10cv14

**LARRY WARD,**

    Defendant.

## ORDER ON MOTION FOR CHANGE OF VENUE

This matter comes before the Court on a Motion for Change of Venue pursuant to 28 U.S.C. §1404, filed by Defendant Larry Ward ("Defendant") on March 8, 2010. Defendant seeks to transfer this case to the Eastern District of Louisiana. Because the Eastern District of Louisiana is not a district where this civil action "might have been brought," Defendant's Motion is **DENIED**. 28 U.S.C. §1404(a).

This case involves a dispute over an insurance policy. Defendant owns a residence that is covered by a homeowners insurance policy issued by Plaintiff TRAVCO Insurance Company ("Plaintiff"). (Compl. ¶¶1,8–9). Defendant's residence contains walls that were constructed using sheets of drywall manufactured in China. (Compl. ¶10). On September 23, 2009, Defendant reported an insurance claim to Plaintiff seeking coverage for damages allegedly caused by the Chinese drywall. (Compl. ¶26). On January 7, 2010, Plaintiff filed a declaratory judgment action in this Court. Plaintiff seeks a declaration that it is not liable for Defendant's insurance claim.

On March 8, 2010, Defendant filed a Motion to transfer this action to the Eastern District of Lousiania. Defendant notes that the Eastern District of Louisiana is currently presiding over multi-district litigation relating to Chinese drywall, and that Defendant is a member of a class action suit pending in that district.

Section 1404(a) provides as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. §1404(a). The threshold requirement for a change of venue under §1404(a) is that the transferee district must be a district in which the action "might have been brought." This means that at the time of the filing of the complaint, "the defendants must have been amenable to personal jurisdiction in [the transferee district], subject matter jurisdiction must have existed there, and venue must have been appropriate." American Tel. & Tel. Co. v. Milgo Electronic Corp., 428 F. Supp. 50 (S.D.N.Y. 1977); see also Hoffman v. Blaski, 363 U.S. 335 (1960) (defendant may not satisfy personal jurisdiction or venue requirements in transferee district by consent).

In the present case, the Eastern District of Louisiana is not a district in which the action "might have been brought." This case is before the Court under diversity jurisdiction, pursuant to 28 U.S.C. §1332. In diversity cases, venue is determined by 28 U.S.C. §1391(a). Under §1391(a), venue is proper in the following districts:

> 1) a judicial district where any defendant resides, if all defendants reside in the same state, 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or 3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is

no district in which the action may otherwise be brought.

Defendant is a resident of Virginia. (Compl. ¶4; Ans. ¶4). Therefore, venue is not proper in Lousiana under either §1391(a)(1) or §1391(a)(3). The only possible basis for venue in Louisiana is §1391(a)(2). "In an insurance coverage action, to establish venue via section 1391(a)(2), a court looks to the underlying events for which coverage is sought." Carolina Cas. Co. v. Data Broadcasting Corp., 158 F. Supp. 2d 1044, 1047 (C.D. Cal. 2001). The residence at issue in this case is located in Virginia. (Compl. ¶¶8–9; Ans. ¶¶8–9). Therefore, Virginia is the proper venue for this action under §1391(a)(1) and (a)(2).

Defendant tacitly concedes that venue is not proper in the Eastern District of Louisiana. Defendant argues, however, that this Court should transfer the action because he is willing to waive any objections to venue or personal jurisdiction. The Supreme Court squarely rejected this interpretation of §1404(a) in Hoffman v. Blaski, 363 U.S. 335 (1960). Defendant argues that this Court should disregard Hoffman in light of academic criticism and Congress' subsequent enactment of the multidistrict litigation transfer provision, 28 U.S.C. §1407. Congress' enactment of a statute permitting the judicial panel on multidistrict litigation to transfer actions has little bearing on a private defendant's right to transfer cases through the simple expedient of consent to jurisdiction. Moreover, even if subsequent events have called Hoffman into question, "this court has no authority to disregard Supreme Court precedent on the basis of the prediction that the Court would overrule its decisions." Retail Industry Leaders Ass'n v. Fielder, 435 F. Supp. 2d 481, 495 (E.D. Va. 2006) (citing Hohn v. United States, 524 U.S. 236, 252–53 (1998)).

The Court notes that the multi-district litigation pending in the Eastern District of Louisiana involves claims against manufacturers, builders, and suppliers. See In re: Chinese-

Manufactured Drywall Prods. Liability Litig., MDL No. 2047, J.P.M.L. Transfer Order (June 15, 2009), *available at http://www.laed.uscourts.gov/drywall/MinuteEntries/transorder1.pdf.* Because this action involves a suit concerning the scope of an insurance policy, it is by no means clear that transfer to the Eastern District of Louisiana is in the interest of justice. More importantly, the decision to transfer this action for multidistrict litigation proceedings rests not with this Court, but with the Judicial Panel on Multidistrict Proceedings. See 28 U.S.C. §1407; Tim W. Koerner & Associates, Inc. v. Aspen Labs, Inc., 492 F. Supp. 294, 298 (S.D. Tex. 1980) (mem.) ("[A] party can only initiate proceedings for transfer of an action by filing a motion with the judicial panel on multistate litigation and by filing a copy of such motion with the district court in which the action is pending.").

Because the Eastern District of Louisiana was not a proper venue for this action, the Court cannot transfer the case pursuant to §1404(a). See Hoffman v. Blaski, 363 U.S. 335 (1960); U.S. Ship Line Mgmt. v. Maersk Line, Ltd., 357 F. Supp. 2d 924, 930 (E.D. Va. 2005). Defendant's Motion for Change of Venue is hereby **DENIED**.

The Clerk of the Court is **DIRECTED** to transmit a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

March 24, 2010
Norfolk, Virginia

/s/ Robert G. Doumar
Senior United States District Judge

4