**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

TRAVCO INSURANCE COMPANY,

      Plaintiff,

v.                                                                                          ACTION NO. 2:10cv14

LARRY WARD,

      Defendant.

**O R D E R**

The defendant in this declaratory judgment action, Larry Ward ("Ward"), moved this Court

for an Order staying the proceedings pending transfer to Multi-district Litigation ("MDL") Action

Number 2047 [Doc. No. 29] in the Eastern District of Louisiana.  The plaintiff, TravCo Insurance

Company ("TravCo"), filed a motion and brief in opposition [Doc. No. 34], to which the defendant

replied [Doc. No. 36].  After a review of the memoranda submitted by the parties and the applicable

statutory and case law, and for the reasons set forth below, the Court DENIES Defendant's Motion

to Stay [Doc. No. 29.]

A party seeking a stay of proceedings in a suit must make a clear case of hardship in being

required to go forward if there is a possibility that the non-moving party will suffer.  *Landis v. N.*

*Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also Williford v. Armstrong World Indus. Inc.,* 715 F.2d

124, 127 (4th Cir. 1983).  As such, only in rare cases will a litigant be forced to step aside and wait

to have his rights settled by a party in a separate action.  *Landis,* 299 U.S. at 254-55.

Furthermore,"[t]he decision to grant or deny a temporary stay of proceedings pending a ruling on

the transfer of the matter to the MDL court lies within [the] Court's discretion."  *Conroy v. Fresh*

*Del Monte Produce, Inc.* 325 F. Supp. 2d 1049, 1053 (N.D.Cal. 2004) (*citing Landis,* 299 U.S. at

254-55).  In determining whether to grant a motion to stay, courts of this Circuit have considered

factors such as: (1) the interests of judicial economy; (2) potential hardship of the moving party if

the action is not stayed; and (3) potential prejudice to the non-moving party.  *Tolley v. Monsanto*

*Co.*, 591 F.Supp.2d 837, 844 (S.D.W.Va. 2008) (*citing Meyers v. Bayer AG,* 143 F.Supp. 2d 1044,

1049 (E.D. Wis. 2001).

First, in this case, despite Ward's invitation to benefit all those involved and await a

determination of the Judicial Panel on Multi-district Litigation ("JPML") regarding transfer of this

action (and other insurance-related claims in this district) to the Eastern District of Louisiana, he

fails to indicate specifically how judicial economy is preserved if a stay were to be granted.

Conceivably, if other similarly situated cases were transferred to the Eastern District of Louisiana,

then, perhaps, judicial economy would be served by granting a stay.  In Ward's brief in support of

his motion, however, he fails to demonstrate a factually similar case to this pending before Judge

Fallon in the Eastern District of Louisiana.  As such, the discrete issue here, concerning Virginia

law, would not be consolidated into one similarly situated and therefore do little more than add to

an expanding number of cases before Judge Fallon.  For this reason Ward's motion fails to meet the

judicial economy requirement for issuance of a stay.

Second, Ward makes no comment whatsoever regarding any potential hardship he faces if

the action is not stayed.  In neither his Memo in Support of the Motion to Stay, nor his Reply brief

does Ward cite the potential hardship he confronts. While he does make clear his belief that the

Court's Order denying his Transfer of Venue motion [Doc. No. 24] was based on a "premise [that]

has proven itself to be incorrect," he fails to distinguish between the grounds required to succeed

on a motion for a change of venue, and a motion to stay proceedings (Memo in Supp. Mot to Stay at 1).  As stated above, the law generally disfavors granting a stay if there is the *possibility* that the non-movant will suffer.  *See Landis*, 299 U.S. at 254-55.  In particular, at least one court of this Circuit has recognized the necessity to show a hardship in order to prevail on a motion to stay.  Here, absent such an assertion, Ward's motion fails to meet this requirement for the issuance of a stay.

Lastly, with respect to prejudice to the non-moving party, Ward, again, is silent.  On the other hand, TravCo goes to some length to discuss the potential prejudice it faces.  For instances, TravCo argues that it will suffer because: (a) it will be deprived of a court resolution as to whether its coverage position on Ward's claim is correct; (b) it will be deprived of a speedy and inexpensive determination of the action contrary to the policy of Federal Rule of Civil Procedure 1; and (c) it will be unclear as to how to handle similar insurance claims in Virginia.  (Memo. in Opp. to Mot. to Stay at 8-10.)  Independently, each of these alleged hardships is a plausible reality for TravCo if the matter is stayed pending a possible, yet uncertain, transfer of the case by the JPML.  Thus, Ward fails to show that there is no possibility that TravCo would not be prejudiced.

In addition, the matter is fully briefed at the Summary Judgment stage.  The case is very likely to be decided well before any hearing before the MDL.  Moreover, there is no assurance that the MDL will ever take the case since this is a matter of Virginia law.

For the foregoing reasons, the Court finds that a stay of the proceedings in this court will not promote the interests of judicial economy and will likely prejudice the plaintiff.  Furthermore, the Court finds that the defendant will not experience undue hardship if the proceedings are not stayed.  Therefore, the defendant's Motion to Stay [Doc. No. 29] is DENIED.

The Clerk is directed to mail a copy of this Order to all counsel of record.

      /s/
Tommy E.  Miller
United States Magistrate Judge

Norfolk, Virginia
May 12, 2010